# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| KAREN FOSTER,<br>      *Debtor/Appellant,*<br>   v.<br>JOHN L. WYNNE,<br>      *Appellee.* | CASE NO. 6:12-cv-00024<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter, which arises out of bankruptcy case number 12-60619, is before the Court on a motion for stay pending appeal filed by Debtor/Appellant Karen Foster ("Ms. Foster"). In her motion, Ms. Foster seeks an order staying the May 22, 2012 order of United States Bankruptcy Judge William Anderson in which he granted the motion for relief from automatic stay filed by Appellee John Wynne ("Mr. Wynne"). On June 5, 2012, I conducted a hearing on Ms. Foster's motion. For the reasons I articulated from the bench at the conclusion of that hearing, and on the basis of the following grounds, I will deny Ms. Foster's motion for stay pending appeal.

## I. BACKGROUND

  In August 2006, Ms. Foster executed a note in the amount of $40,000.00 in favor of Mr. Wynne. The note was secured by a deed of trust granting Mr. Wynne a lien on real property owned by Ms. Foster at 2232 Ridgewood Drive, Lynchburg, Virginia. At an unspecified point in time, Ms. Foster defaulted on the note, and Mr. Wynne subsequently brought an action to foreclose on the property. Ms. Foster filed suit in an attempt to enjoin Mr. Wynne from foreclosing, but her case was ultimately dismissed. The foreclosure sale was conducted on

September 25, 2008, and a trustee's deed conveying the property to Mr. Wynne was executed on October 16, 2008.

When Ms. Foster refused to vacate the property, Mr. Wynne filed an unlawful detainer action in Lynchburg General District Court. The court granted judgment in Mr. Wynne's favor, but Ms. Foster appealed to the Circuit Court. In order to perfect her appeal, Ms. Foster posted bonds totaling $20,500.00. At the conclusion of a hearing on January 9, 2012, the Lynchburg Circuit Court orally ruled that Mr. Wynne was the fee simple title owner of the property, that Ms. Foster unlawfully withheld possession of the property from Mr. Wynne, and that Mr. Wynne was entitled to possession of the property. On January 11, 2012, a trial was held on the issue of damages. The jury returned a verdict in favor of Mr. Wynne in the amount of $29,328.00.

On January 13, 2012, Ms. Foster filed a Chapter 13 petition with the United States Bankruptcy Court for the Western District of Virginia. Unaware that Ms. Foster planned to file this petition, the Lynchburg Circuit Court entered a judgment setting out its January 9, 2012 ruling. However, the judgment had no effect in light of the automatic stay that went into effect upon the filing of Ms. Foster's bankruptcy petition. *See* 11 U.S.C. § 362(a).

On February 28, 2012, as amended on February 29, 2012, Ms. Foster filed a motion to convert her case to one under Chapter 11. On March 15, 2012, the bankruptcy court granted the Chapter 13 Trustee's motion to dismiss, thus paving the way for Ms. Foster to file a Chapter 11 petition, which she did that same day. On March 28, 2012, Mr. Wynne filed a motion for relief from the automatic stay so that the Lynchburg Circuit Court could enter judgment in his favor, enter a money judgment for rent owed by Ms. Foster for the period that she held possession of the property, and permit him to collect the $20,500.00 supersedeas bond that Ms. Foster had posted with the clerk of the Lynchburg Circuit Court.

At the hearing that the bankruptcy court conducted on Mr. Wynne's motion on May 10, 2012, Ms. Foster argued that the foreclosure sale of her property was unlawful. It was (and remains) Ms. Foster's contention that execution of the trustee's deed for the property represented a fraudulent conveyance because Mr. Wynne never loaned her any money.[1] The bankruptcy court orally granted Mr. Wynne's motion to lift the automatic stay so that the Lynchburg Circuit Court could continue the adjudication of the cases before it. Additionally, the bankruptcy court denied Ms. Foster's motion for a stay pending appeal of that order. On May 22, 2012, the bankruptcy court issued an opinion and an order, the latter of which was to become effective immediately upon its entry. The bankruptcy court added that its order would not be automatically stayed "pursuant to Federal Rule of Bankruptcy Procedure 7062, or any other applicable rule."

On May 23, 2012, the Lynchburg Circuit Court granted a writ of possession to Mr. Wynne and also entered a judgment in Mr. Wynne's favor for rent owed by Ms. Foster for the period of time that she had possession of the home after the foreclosure sale. On May 24, 2012, Ms. Foster filed her notice of appeal with the bankruptcy court. The Lynchburg Sheriff's Office served the writ of possession on Ms. Foster on May 29, 2012, and it has represented that a deputy would return at 11:30 A.M. on Tuesday, June 5, 2012, in order to take possession of the home and the contents therein. On June 4, 2012, Ms. Foster filed the instant motion in which she seeks a stay pending appeal.

---

[1] Ms. Foster does not dispute the fact that, in 2006, she signed the note and the deed of trust that secured it.

## II. LEGAL STANDARD

The issuance of a stay pending an appeal of a bankruptcy court order is governed by Rule 8005 of the Federal Rules of Bankruptcy Procedure. If a party requesting a stay pending appeal is not granted such relief by the bankruptcy court, Rule 8005 permits the filing of a motion for stay with the district court. Fed. R. Bankr. P. 8005. A stay pending appeal should only be granted to "protect the rights of all parties in interest." *Id.* "Although the issuance of a stay is left to the court's discretion, the Fourth Circuit requires a party seeking a stay to meet the same criteria movants for a preliminary injunction must meet in seeking their relief." *Cont'l Sec. Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 208 (W.D. Va. 1995) (citations omitted); *see also In re River Rock Cottages, LLC*, No. 3:08-cv-00187, 2008 WL 2001814, at *2 (W.D.N.C. May 7, 2008) ("A motion for stay pending appeal is similar in nature to a preliminary injunction because the movant requests an event be halted, i.e., that an order not be given effect.") (citation omitted).

The Supreme Court of the United States has held that a plaintiff seeking a preliminary injunction must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The party requesting the stay bears the burden of demonstrating each of these elements. *See In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000).

## III. DISCUSSION

The central argument raised by Ms. Foster is her contention that the bankruptcy court erred by making its order lifting the automatic stay in her Chapter 11 bankruptcy action effective immediately upon its entry. In so doing, Ms. Foster claims, the bankruptcy court essentially abrogated the 14-day stay that typically functions as a sort of default in such circumstances. Under the Federal Rules of Bankruptcy Procedure, "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Ms. Foster asserts that the bankruptcy court must have ignored this rule when it made its order effective immediately. I disagree.

Rule 4001(a)(3) unambiguously permits the bankruptcy court to waive the 14-day stay by virtue of its concluding clause, "unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Moreover, the rule does not include language conditioning the bankruptcy court's authority in this regard. Rule 4001(a)(3) does not, for example, prescribe a list of criteria or factors that the bankruptcy court must consider in order to waive the 14-day stay. Similarly, the rule does not require the bankruptcy court to find that there is "good cause" or any other similar type of condition for waiving this default stay period. Therefore, it would appear that the decision on whether to waive the 14-day stay is left to the sound discretion of the bankruptcy court. Ms. Foster nonetheless argues that the bankruptcy court erred in waiving the 14-day stay because Mr. Wynne did not request such a waiver (either in his motion or at the hearing), and because the bankruptcy court did not explicitly state that it was raising the issue *sua sponte*. The transcript of the proceeding before the bankruptcy court backs up Ms. Foster's account, but it is of no moment, for Rule 4001(a)(3) does not require the filing of a motion in order for the bankruptcy court to waive the 14-day stay. Rather, as mentioned, Rule 4001(a)(3) simply states

that a bankruptcy court may waive the 14-day default. I find that the bankruptcy court did precisely that when it stated that its order would "become effective immediately upon entry, and shall not be automatically stayed pursuant to Federal Rule of Bankruptcy Procedure 7062, *or any other applicable rule*." (Emphasis added).[2] This catch-all language at the end of the foregoing sentence certainly encompasses Rule 4001(a)(3).

Separately, Ms. Foster argues that the 14-day stay that ordinarily applies should not be waived unless there is a showing of "countervailing factors" as to why the stay should not be in place. Although I am unaware of any relevant case law from the United States Court of Appeals for the Fourth Circuit with respect to waiver of the 14-day stay provided for in Rule 4001(a)(3), I concur that it would generally be best practice for a bankruptcy court to articulate why it is waiving the 14-day stay, because it is true that doing so can, in some instances, effectively moot issues that a party may be appealing from the bankruptcy court to the district court. However, in the case at hand, there are "equitable reasons" that warrant the bankruptcy court's waiver of the presumptive stay in Rule 4001(a)(3). *See In re Henderson*, 395 B.R. 893, 904–05 (Bankr. D.S.C. 2008). Specifically, there is the fact that waiver of the 14-day stay permitted the Lynchburg Circuit Court to enter judgment in Mr. Wynne's favor, thereby concluding years of litigation in that court during which time Ms. Foster had numerous opportunities to attack the validity of the conveyance of the property to Mr. Wynne or to contest Mr. Wynne's representation that he loaned her $40,000.00. Additionally, this matter is still proceeding in the bankruptcy court, and Ms. Foster has filed an adversary proceeding against Mr. Wynne in that court. Accordingly, the

---

[2] Rule 7062 was amended substantially in 1999. It now simply states that "Rule 62 F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7062. Rule 62 of the Federal Rules of Civil Procedure sets forth rules for stays of proceedings to enforce judgments. Fed. R. Civ. P. 62.

6

bankruptcy court's decision to waive the 14-day stay did not itself deprive Ms. Foster of her belated attempts to collaterally attack the 2008 conveyance of the property.[3]

Finally, I find that Ms. Foster has not demonstrated the first of the aforementioned preliminary injunctions factors—that is, she has not met her burden of showing that she is likely to succeed on the merits. By Ms. Foster's own admission, her previous efforts to prevent foreclosure and to resist losing possession of the property have been thwarted in state court. Indeed, in state court, Mr. Wynne has been awarded possession of the property and damages for rent not paid by Ms. Foster over the course of the last several years that she has remained on the premises (while, I add, incurring none of the costs associated with ownership of the land, all of which have been borne by Mr. Wynne). Ms. Foster's core argument with respect to her assertion that the conveyance of the property to Mr. Wynne was fraudulent is that she never received any loan proceeds from Mr. Wynne. In other words, she contends that the note, secured by a deed of trust, was a sham document. And yet, during the course of her previous Chapter 7 bankruptcy action, Ms. Foster submitted a schedule showing a $40,000.00 debt owed to Mr. Wynne. She had every opportunity to notify the trustee that the debt claimed by Mr. Wynne was invalid or

---

[3] I reiterate the point I raised at the hearing that it is certainly possible, if not likely, that the bankruptcy court found the reasons and justifications for its decision to lift the automatic stay to also be sufficient to waive the 14-day stay. Counsel for Ms. Foster implied that this reasoning would render Rule 4001(a)(3) superfluous. The logic is as follows. Rule 4001(a)(3) only applies as a default when automatic stays are lifted. Therefore, if the reasons for lifting the automatic stay could, without more, justify the waiver of the 14-day stay, Rule 4001(a)(3) would be no default at all and, indeed, would serve little purpose, because every time an automatic stay was lifted the bankruptcy court could be expected to waive the 14-day stay. Counsel for Ms. Foster is correct that Rule 4001(a)(3) would be superfluous *if* I ruled that the rationale for lifting the automatic stay *always* justifies the waiver of the 14-day stay. However, that is not the point I made at the hearing, and it is not the position I adopt in this memorandum opinion. Rather, I merely observe that it must be the case that in some instances, the reasons for lifting an automatic stay do also justify, in whole or in part, the waiver of the 14-day stay. But that does not mean that in every instance that an automatic stay is lifted, the bankruptcy court can or should waive the 14-day stay that the authors of the Federal Rules of Bankruptcy Procedure saw fit to prescribe. In the instant case, the bankruptcy court lifted the automatic stay in large part because it found that the fraudulent conveyance issue had already been litigated in state court, and that Ms. Foster's attempt to raise it in bankruptcy should not prevent the state court from effectuating its judgment and the accompanying jury verdict. Plainly, this rationale could also justify waiver of the 14-day stay, for doing so would allow the state court to enter judgment during the pendency of Ms. Foster's appeal to this Court. Indeed, once could read the bankruptcy court's opinion in this case as setting forth reasons for dispensing with all stays of any variety.

7

suspect, but she did not. She did, however, receive the benefit of having the debt discharged upon the resolution of her Chapter 7 petition. Ultimately, Ms. Foster's claim borders too close to frivolous for me to find that she is likely to succeed on the merits. Accordingly, a stay pending appeal is not warranted.

### IV. CONCLUSION

For the foregoing reasons, Ms. Foster's motion for stay pending appeal shall be denied. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___5th___ day of June, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

8